CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

FERNANDO ESPINOBARROS, on behalf of himself,
and other similarly situated employees,

                        Plaintiff,

   -against-

DAVIS & DEVORE GROUP, LLC dba TEDDY'S BAR
AND GRILL, JARED LOZUPONE, and SCOTT DAVIS,

                        Defendants.
-----------------------------------------------------------------------X

Case No.    16 Civ. 2356

**COMPLAINT**

      Plaintiff, **FERNANDO ESPINOBARROS** ("Plaintiff"), on behalf of himself and

other similarly situated employees, by and through his undersigned attorneys, Cilenti &

Cooper, PLLC, files this Complaint against Defendants, Davis & Devore Group, LLC,

dba Teddy's Bar and Grill (hereinafter "Teddy's"), Jared Lozupone, and Scott Davis

(collectively, "Defendants"), and states as follows:

## INTRODUCTION

      1.    Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29

U.S.C. §§ 201, *et seq.* ("FLSA"), that he is entitled to recover from the Defendants: (1)

unpaid wages and overtime compensation; (2) liquidated damages; and (3) attorneys' fees

and costs.

2.       Plaintiff further alleges, pursuant to the New York Labor Law, that he is entitled to recover from the Defendants: (1) unpaid wages and overtime compensation; (2) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.       This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.       Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.       Plaintiff is a resident of Bronx County, New York.

6.       Defendant, Teddy's, is a domestic limited liability business corporation organized and existing under the laws of the State of New York, with a principal place of business at 96 Berry Street, Brooklyn, New York 11249.

7.       Upon information and belief, Defendant, Jared Lozupone, is an owner, officer, director and/or managing agent of Teddy's, whose address is unknown at this time and who participated in the day-to-day operations of Teddy's and acted intentionally and willfully, and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Teddy's.

2

8.      Upon information and belief, Defendant, Scott Davis, is an owner, officer, director and/or managing agent of Teddy's, whose address is unknown at this time and who participated in the day-to-day operations of Teddy's and acted intentionally and willfully, and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Teddy's.

9.      Plaintiff was employed by Defendants in Kings County, New York, to work as dishwasher and kitchen preparation general helper, at a grill and bar owned, operated and managed by Defendants, known as Teddy's, located at 96 Berry Street, Brooklyn, New York, from on or about March 2015 until on or about March 8, 2016.

10.     At all relevant times, Teddy's was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

11.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Teddy's.

12.     The individual defendants each exercised control over the terms and conditions of Plaintiff's employment in that they had and have had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiffs, and (v) otherwise affect the quality of the employees' employment.

13.     Defendant Jared Lozupone exercised sufficient control over Teddy's day-to-day operations as to be considered an employer of Plaintiff and those similarly situated under the FLSA

3

14.    Defendant Scott Davis exercised sufficient control over Teddy's day-to-day operations as to be considered an employer of Plaintiff and those similarly situated under the FLSA and New York Labor Law.

15.    At relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned overtime wages in contravention of the FLSA and New York Labor Law.

16.    Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

17.    In March 2015, Plaintiff was hired by Defendants to work as a food preparation helper and dishwasher at a bar and restaurant owned, operated and managed by Defendants, known as "Teddy's", located at 96 Berry Street, Brooklyn, New York 11249.

18.    Plaintiff worked for the Defendants continuously during approximately one (1) year, between March 2015 and March 2016.

19.    During Plaintiff's employment by Defendants, he worked over forty (40) hours per week. Plaintiff normally worked ten (10) hours per day, five (5) days per week, for a total of fifty (50) hours per week.

20.    Plaintiff was told he was going to be paid $11.00 per hour, but in fact he was paid at an approximate regular rate of $9.50 per hour; and work performed above forty (40) hours per week was not paid at time and one-half his hourly rate of pay, as required by state and federal law.

4

21.    Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff wages for all hours worked, and overtime compensation, in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

22.    Plaintiff punched a time clock and was paid by a company check, but he did not receive a wage statement or other receipt with his wages.

23.    At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

24.    Plaintiff was paid no wages for his first (1st) week of work, which the restaurant called a "deposit week".

## COLLECTIVE ACTION ALLEGATIONS

25.    Defendants knowingly and willfully operated their business with a policy of not paying lawful wages under the FLSA and the New York Labor Law to Plaintiff and other similarly situated employees.

26.    Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the required overtime rate (of time and one-half) in violation of the FLSA and New York Labor Law and the supporting federal and New York State regulations.

27.    Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants since May 2013, to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who

were not paid overtime compensation at the rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

28.    Plaintiff bring this action individually and as class representatives on behalf of himself and all other current and former non-exempt employees who currently are, or have been employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period"), and who did not receive proper overtime compensation for all hours worked above forty (40) per week (the "Collective Action Members").

29.    Upon information and belief, the Collective Action Members are so numerous that joinder of all members is impracticable. The identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendant. Upon information and belief, the class consists of all current and former non-managerial employees, and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

30.    Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that are experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

31.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

6

Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.

32.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

33.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of law and fact common to Plaintiff and Collective Action Members are:

        a.  Whether the Defendants employed Collective Action members within the meaning of the FLSA;

        b.  Whether Plaintiffs and the Collective Action Members were improperly classified as exempt under the FLSA;

        c.  Whether Defendants failed to pay overtime compensation for hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

        d.  Whether Defendants' violations of the FLSA were willful as that term is used in the context of the FLSA;

        e.  Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, statutory, interest, costs, disbursements, and attorneys' fees.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

34.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "33" of this Complaint as if fully set forth herein.

35.    At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

36.    At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

37.    Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

38.    Plaintiff was entitled to be paid minimum wages for all hours worked, and time and one-half the statutory minimum for all hours worked in excess of the maximum hours provided for in the FLSA.

39.    Defendants failed to pay Plaintiff wages for all hours worked, minimum wages, and overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

40.    At all relevant times, Defendants had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which

8

violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

41.  Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff for all hours worked, and overtime at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of wages and overtime pay would financially injure Plaintiff.

42.  Defendants failed to make, keep and preserve records with respect to Plaintiff sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

43.  Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

44.  Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

45.  As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

46.  Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid wages and

overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

47.     Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

48.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "47" of this Complaint as if fully set forth herein.

49.     At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

50.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff wages for all hours worked, minimum wages, and overtime compensation at rates of not less than one and one-half times the minimum wage for each hour worked in excess of forty (40) hours in a workweek.

51.     Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid wages, unpaid overtime wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al*. and § 198.  Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

52.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "51" of this Complaint as if fully set forth herein.

53.     The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's hourly rate of pay and regular pay day.

54.     The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

55.     Plaintiff was not provided with a wage notice and a weekly wage statement as required by law.

56.     Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

### PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, Fernando Espinobarros, on behalf of himself and other employees similarly situated, respectfully requests that this Court grant the following relief:

(a)     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(b)     An award of unpaid wages, and overtime compensation due under the FLSA and New York Labor Law, plus compensatory and liquidated damages, and interest;

(c)     An award of statutory penalties for failing to provide accurate annual and weekly notices pursuant to the New York Wage Theft Prevention Act;

11

(d)    An award of prejudgment and post-judgment interest;

(e)    An award of costs and expenses associated with this action, including

reasonable attorneys' fees; and,

(f)    Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
       May 10, 2016

Respectfully submitted,

CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
708 Third Avenue – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile   (212) 209-7102
pcooper@jcpclaw.com

By:    _____
              Peter H. Cooper  (PHC 4714)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Fernando Espinobarros_ , am an employee formerly

employed by _Teddy's Bar_ , and/or related entities. I

consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York

May 10 , 2015

Sworn to before me this 10th
day of May , 2015.

_____
Notary Public

PETER H. COOPER
Notary Public, State of New York
No. 02CO5059941
Qualified in New York County
Commission Expires MAY 6, 20 18